IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY ANDERSON,<br><br>Defendant. | Case No. CR10-1010<br><br>ORDER FOR PRETRIAL DETENTION |

On the 5th day of August, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On May 5, 2010, Defendant Timothy Anderson was charged by Indictment (docket number 2) with five counts of distributing of crack cocaine within 1,000 feet of a protected location. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 4, 2010.

Officer John Pace of the Dubuque Police Department, who is currently assigned to the Dubuque Area Drug Task Force, testified regarding the circumstances underlying the instant charges. In August 2009, a confidential informant told law enforcement authorities that Defendant was selling crack cocaine. On January 11, 2010, a controlled purchase of crack cocaine was conducted by the confidential informant and an undercover officer. Eight days later, on January 19, another controlled purchase of crack cocaine was made by the undercover officer. On that occasion, the undercover officer got into Defendant's car and purchased $150 of crack cocaine while Defendant drove around the block.

1

Defendant was arrested following a traffic stop on August 2, 2010. Defendant, who was a passenger in the vehicle, falsely identified himself to officers. After additional officers discovered Defendant's true identity, he attempted to flee on foot.

According to the pretrial services report, Defendant is 30 years old and has lived with his cousin in Dubuque for the past six months. Defendant was born and raised in Chicago, where his parents and ten siblings continue to reside. Defendant dropped out of school in the tenth grade and is unemployed. Defendant has never been married, but has two children from prior relationships. The children live in Illinois with their mothers.

Defendant is in good physical health and has no history of mental health issues. Defendant admitted using marijuana at least monthly from age 17 until about one month ago. Defendant was recently ordered to undergo substance abuse treatment in Dubuque, but has not done so because, according to him, he cannot afford the co-payment required.

Defendant has a lengthy prior criminal record, which spans approximately seven pages in the pretrial services report. The Court reviewed Defendant's criminal history in detail on the record at the time of hearing. In brief, Defendant has been sentenced to prison on at least four occasions and has had his parole revoked at least twice. Defendant appears to have at least five prior convictions for felony drug offenses. Many of Defendant's crimes were committed while on pretrial release, probation, or parole. Defendant currently has nine misdemeanor offenses pending in Dubuque County, seven of which were committed while Defendant was on pretrial release.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with five counts of distributing crack cocaine within 1,000 feet of a protected location, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

3

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a

factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with five counts of distributing crack cocaine within 1,000 feet of a protected location. The evidence against Defendant is strong. The controlled transactions on January 11 and 19, 2010, were recorded and conducted by a confidential informant and an undercover officer. Defendant is not employed and has no ties to Iowa. Defendant has a lengthy criminal record, including the commission of crimes while on probation, parole, and pretrial release. Significantly, Defendant attempted to flee while he was a passenger at a traffic stop on August 2, 2010. The Court has absolutely no confidence that the Defendant would comply with any terms or conditions of release which it may impose.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 3, 2010) to the filing of this Ruling (  August 5, 2010  ) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this  5th  day of August, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA